```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                           AT BLUEFIELD
```

**ALBERT L. ALLEN,**

    **Plaintiff,**

**v.**                                    **CIVIL ACTION NO. 1:14-02545**

**TERRY O'BRIEN, Warden,**
**FCI Hazelton,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

By Standing Order, this action was referred to United States Magistrate Judge Cheryl A. Eifert for submission of findings and recommendations regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Eifert submitted to the court her Findings and Recommendation on June 22, 2015, in which she recommended that the district court deny plaintiff's petition under 28 U.S.C. § 2241 for a writ of habeas corpus, grant defendant's request for dismissal, deny plaintiff's motion for a final disposition in support of his 2241 application for a writ of habeas corpus, dismiss this action with prejudice, and remove this matter from the court's docket.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge Eifert's Findings and Recommendation. The failure of any party to file such objections constitutes a waiver of such party's right to a <u>de</u>

novo review by this court.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989).  On July 13, 2015, plaintiff filed objections to the PF&R and, on July 20, 2015, he filed a motion for leave to amend his objections (Doc. No. 18).  The motion to amend is GRANTED and the court has fully considered both of plaintiff's filings.  With respect to his objections, the court has conducted a de novo review.

On August 1, 1992, Allen was sentenced by the Superior Court for the District of Columbia to a term of incarceration for fifteen years to life upon his conviction for second-degree murder and a consecutive term of five to fifteen years for his conviction of possession of a firearm.  On September 24, 2007, following an initial parole eligibility hearing, the United States Parole Commission ("USPC") denied Allen parole and scheduled reconsideration for parole in September 2010.  Thereafter, on March 13, 2010, plaintiff was again denied parole and it was recommended that he be reconsidered for parole in three years.  On May 13, 2011, Allen filed a § 2241 petition in this court challenging the USPC's March 13, 2010 denial of parole.  The court dismissed Allen's petition.

Allen's next parole hearing occurred on November 14, 2012, and, on January 31, 2013, the USPC again denied parole and continued Allen for a rehearing in November 2014.  It is this

adverse parole decision that is the subject of the instant § 2241 petition.[*]

Magistrate Judge Eifert found that Allen was not entitled to habeas relief because

> Allen has not demonstrated that the USPC "exceeded its legal authority, acted unconstitutionally, or failed to follow its own regulations" when it denied Allen parole in January 2013.  <u>Garcia</u>, 660 F.2d at 988.  The USPC afforded Allen a parole hearing and provided him with a written notice adequately explaining his unsuitability for parole.  The reasons supplied by the USPC for denying Allen parole in January 2013 are valid.

PF&R at p. 27.  After a thorough review of the record and plaintiff's objections, the court agrees with Magistrate Judge Eifert that the writ should not be granted.

To the extent, plaintiff's objections suggest that the reasons given by the USPC for denying parole are not sufficient, the court disagrees.  While Allen may not agree with the reasons given, as Magistrate Judge Eifert explained, the reasons given are sufficient to withstand judicial scrutiny by this court.  <u>See</u> PF&R at pp. 22-24.

With respect to Allen's contention that <u>Turnage v. Bledsoe</u>, No. 3:08-CV-1662, 2010 WL 3632699 (M.D. Pa. Sept. 9, 2010), compels a different result herein, the court does not agree.  As Magistrate Judge Eifert noted in discussing the <u>Turnage</u> case, <u>see</u>

---

[*] On May 19, 2015, the USPC again denied Allen parole and continued him for a reconsideration hearing in April 2020.

PF&R at pp. 25-26, mere completion of programs recommended by the USPC does not preclude the USPC from denying parole. It is but one factor for the USPC to consider. See <u>Bogan v. District of Columbia Bd. of Parole</u>, 749 A.2d 127, 129 (D.C. 2000); <u>Roberts v. United States Parole Commission</u>, No. 7:14-CV-00233, 2015 WL 3559868, *4 (W.D. Va. June 5, 2015). Allen's argument to the contrary is without merit.

Having reviewed the Findings and Recommendation filed by Magistrate Judge Eifert, the court hereby **OVERRULES** plaintiff's objections and adopts the findings and recommendations contained therein. Accordingly, the court hereby **DENIES** plaintiff's petition under 28 U.S.C. § 2241 for a writ of habeas corpus, **GRANTS** defendant's request for dismissal, **DENIES** plaintiff's motion for a final disposition in support of his 2241 application for a writ of habeas corpus, **DISMISSES** plaintiff's petition under 28 U.S.C. § 2241 with prejudice, and directs the Clerk to remove this case from the court's active docket.

Additionally, the court has considered whether to grant a certificate of appealability. See 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that

4

any dispositive procedural ruling is likewise debatable. <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000); <u>Rose v. Lee</u>, 252 F.3d 676, 683-84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly, the court DENIES a certificate of appealability.

The Clerk is directed to forward a copy of this Memorandum Opinion and Order to plaintiff, pro se, and counsel of record.

**IT IS SO ORDERED** this 31st day of July, 2015.

ENTER:

*David A. Faber*
David A. Faber
Senior United States District Judge